Not For Publication                                                                                         CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LINDA STRADELLA, | : | |
| | : | Civil Action No. 04-3966 (FSH) |
| Plaintiff, | : | Hon. Faith Hochberg, U.S.D.J. |
| | : | |
| | : | **OPINION** |
| vs. | : | |
| | : | September 8, 2005 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**HOCHBERG, District Judge.**

This matter is before the Court upon Plaintiff's motion to review a final determination of the Administrative Law Judge, pursuant to 42 U.S.C. § 1383(c)(3). Plaintiff appeals denial of social security disability benefits. The motion has been decided upon the written submissions of the parties pursuant to Fed. R. Civ. P. 78.

**I.     Background**

On October 8, 2002, Plaintiff, Linda Stradella, applied for Social Security Disability Benefits. Her application and request for reconsideration were denied. Administrative Law Judge ("ALJ") Katherine C. Edgell then denied Plaintiff's claim for benefits on May 21, 2004, after a hearing on May 4, 2004. The Appeals Council denied review on August 6, 2004.

Plaintiff alleges that she became disabled on February 1, 2001 from chronic obstructive pulmonary disease (obstruction of air flow in the lungs) and hypertension (high plood pressure in

1

the artery going to the lungs).  At the time of the hearing, Plaintiff was a sixty-two year old high school educated woman who had previously worked as a computer systems specialist in a human resources department.  The ALJ's opinion, medical documentation, and Plaintiff's testimony are discussed in detail in the analysis at Part IV below.

## II.     Standard for Finding of Disability

An individual may be entitled to Social Security Benefits upon a finding of disability demonstrating that she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  A disabling impairment is defined as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3) and 1382c(a)(3)(D).  An individual will be deemed to be disabled only if the impairment is so severe that she is not only unable to do her previous work, but cannot, considering her "age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner of Social Security ("Commissioner") uses the following five-step analysis to determine whether an individual is disabled:

<u>     Substantial Gainful Activity</u>.  The Commissioner first considers whether the individual is currently engaged in substantial gainful activity.  If there is such activity, the individual will be found not disabled without consideration of her medical condition. 20 C.F.R. §§ 404.1520(a) and

416.920(a).

Severe Impairment.  If there is no substantial gainful activity, Plaintiff must then demonstrate that she suffers from a severe impairment or combination of impairments that significantly limits her ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c) and 416.920(c).

Listed Impairment.  If Plaintiff demonstrates a severe impairment, the Commissioner will then determine whether the impairment is listed in the regulations set forth at 20 C.F.R. § 404, Subpart P or is equal to a Listed Impairment.  If the individual has such an impairment, the Commissioner will find the individual disabled.

Past Work.  If the individual does not have a listed impairment, the fourth step is to determine whether, despite her impairment, the individual has the residual functional capacity to perform her past relevant work.  Residual functional capacity is defined as what the claimant can still do despite her limitations.  20 C.F.R. §§ 404.1545(a) and 416.945(a).  If she does have the capacity to perform past work, the individual will be found not disabled. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

Other Work.  Finally, if the individual is unable to perform work done in the past, the Commissioner then considers the individual's residual functional capacity, age, education, and past work experience to determine if she can do any other work.  If she cannot perform other work, the individual will be found disabled. 20 C.F.R. §§404.1520(g) and 416.920(g).

The five-step analysis to determine whether an individual is disabled involves shifting burdens of proof.  *Wallace v. Sec'y of Health and Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant bears the burden of production and persuasion through the first four steps;

however, if the analysis reaches the fifth step, the Commissioner bears the burden of proving that the individual is capable of performing gainful employment other than the claimant's past relevant work and that jobs which the plaintiff can perform exist in substantial numbers in the national economy.  *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).   If there is a finding of disability or non-disability at any point during the review, the Commissioner will not review the claim further.  20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III.     Standard of Review

In accordance with 42 U.S.C. § 405(g), this Court must review the factual findings of the ALJ to determine whether the administrative record contains substantial evidence for such findings.  *See Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  A decision concerning disability benefits must be upheld by the Court if an examination of the record reveals substantial evidence supporting the ALJ's conclusion. 42 U.S.C. § 405(g).  Substantial evidence is more than a mere scintilla of evidence; "[i]t means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  Where evidence in the record is susceptible to more than one rational interpretation, the Court must endorse the Commissioner's conclusion.  *Alexander v. Shalala*, 927 F. Supp. 785, 791 (D.N.J. 1995), *aff'd*, 85 F.3d 611 (3d Cir. 1996) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).  "The ALJ's responsibility is to analyze all evidence and to provide adequate explanations when disregarding portions of it." *Snee v. Sec'y of Health and Human Servs.*, 660 F. Supp. 736, 739 (D.N.J. 1987) (citing *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981); *Dobrowolski v.*

*Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Gober v. Mathews*, 574 F.2d 772, 776 (3d Cir. 1978).

**IV.   Analysis**

The ALJ determined that Plaintiff had not participated in substantially gainful activity since the alleged onset date (step one); that the medical evidence suggested that Plaintiff has moderate chronic obstructive pulmonary disease and hypertension, which are severe (step two); and that the diseases do not meet or medically equal the Listed Impairments (step three).  In determining that Plaintiff was not entitled to disability benefits, the ALJ concluded at step four of her analysis that Plaintiff was not disabled because she retained the residual functional capacity to perform her past relevant work.

Plaintiff's papers make two arguments in support of reversal or remand of the ALJ's decision to deny Plaintiff social security benefits: (1) the ALJ erred in finding that Plaintiff's allegations of her limitations were "not totally credible" in her analysis of step four; and (2) the ALJ's step five analysis was flawed by an alleged lack of effort to show a reasonable availability of jobs that Plaintiff may perform.[1]

A.  <u>The ALJ's decision</u>

Despite Plaintiff's allegations of inability to perform her past job as a computer systems specialist, the ALJ determined that Plaintiff has the residual functional capacity to perform her past relevant work.  The ALJ considered the record of (a) medical reports from Plaintiff's doctor Aman Vazir and his practice group Associates for Respiratory Health, P.A., (b) the "Physical

---

[1] Plaintiff makes this latter argument for the first time in her reply papers.  Otherwise, the reply is a nearly verbatim copy of the moving papers, which were less than one single-spaced page in length and contained no legal citation to support her arguments.

Residual Functional Capacity Assessment Form" completed by a state agency physician, (c) records of Dr. Rex Ghassemi of Cardiology Consultants of North Jersey, P.A.,[2] (d) the record from Plaintiff's treatment at St. Joseph's Wayne Hospital for a fracture of the right humerus,[3] and (e) Plaintiff's testimony.

The ALJ concluded that Plaintiff's allegations of disabling chronic obstructive pulmonary disease and hypertension were not supported by the medical evidence. As to obstructive pulmonary disease, the ALJ noted that Plaintiff's Dr. Vazir had determined that Plaintiff's condition was moderate to mild, and Dr. Vazir's latest report found that Plaintiff's condition had subsequently improved.[4] The ALJ explained that although the doctor recommended that Plaintiff not work, no clinical findings or treatment records were given to support the recommendation.[5] Further, Plaintiff has never been hospitalized and or gone to the emergency room for this disease. As to hypertension, the ALJ explained that although Plaintiff was treated for hypertension, the

---

[2] Medical records of Dr. Ghassemi, a doctor at Cardiology Consultants of North Jersey dated February 2001 show that Plaintiff underwent a cardiac exam. Dr. Ghassemi diagnosed Plaintiff with sinus tachycardia (a rapid heart rate) at a rate of 121 that "can certainly be related to her Chronic Obstructive Pulmonary disease." Plaintiff states in records dated July 2003 that she sees Dr. Ghassemi for "routine heart maintenance" and that she takes high blood pressure medication at his suggestion.

[3] The ALJ deemed claimant's arm fracture as not severe. It healed by the time of the administrative hearing and did not meet the 12 month duration requirement. This issue is not on appeal.

[4] The record shows four reports by Dr. Vazir. In reports dated March 17, 2001 and July 29, 2003, Dr. Vazir referred to Plaintiff's obstructive disease as "moderate." In report dated June 19, 2003, Dr. Vazir found it to be "mild." On April 7, 2004, the doctor found her to be "improving."

[5] In a report dated July 29, 2003, Dr. Vazir stated it would be in Plaintiff's "best interest at this point in my personal opinion" to refrain from working because her underlying disease "could be exacerbated by the burden."

hypertension was determined to be mild by medical documentation and had stabilized with medical treatment.

The ALJ also concluded that Plaintiff's complaints were not supported by her own testimony. Plaintiff testified that she does laundry, cooks, visits with family, watches television, goes to the movies, does light cleaning, and shops. The ALJ concluded that these statements showed that Plaintiff is "capable of leading an active existence despite her allegations."

As a result of the medical evidence and Plaintiff's testimony, the ALJ concluded that Plaintiff had the residual functional capacity to "lift and carry twenty pounds occassionally and ten pounds frequently, and stand, walk, and sit for six hours." The ALJ added that Plaintiff "must be able to occasionally alter sit and stand positions and should avoid concentrated exposure to respiratory irritants." For a computer systems specialist with work done at "sedentary level of exertion," the ALJ determined that Plaintiff had the residual functional capacity to perform her past relevant work.

B.  <u>Review of the ALJ's decision</u>

Plaintiff argues that the ALJ did not have substantial evidence to find that Plaintiff's testimony was "not totally credible." Her argument is laid out in about one page in which she restates her medical diagnoses. However, Plaintiff does not state how these diagnoses lead to a conclusion that the ALJ lacked substantial evidence in finding that Plaintiff's allegations that she could not perform past relevant work were "not totally credible."

The dispositive issue is at step four is whether or not Plaintiff can return to her past relevant work given her medical diagnoses. While Dr. Vazir's July 2003 report recommended

7

that Plaintiff refrain from working,[6] the ALJ is entitled to consider the totality of the evidence and relevant legal standard in determining whether Plaintiff could return to her past work. Plaintiff argues that the ALJ did not consider how the Plaintiff would be able to "occasionally alter sit and stand positions and avoid concentrated exposure to respiratory irritants" if she returned to her past work. The ALJ recognized this limitation as a part of Plaintiff's residual functional capacity[7] and noted that Plaintiff's past relevant work was as a computer systems specialist and is a "sedentary" job. The ALJ's reasoning was adequately set forth and need not further explain, e.g., that a computer systems specialist may move around at her desk from time to time in order to adjust her position. Finally, to the extent Plaintiff appears to be making such argument, the ALJ's opinion considered the medical reports of several doctors and may properly choose among medical opinions. *Gober v. Mathews*, 574 F.2d 772, 777 (3d Cir. 1978) (holding that the ALJ may choose between contradictory medical opinions).

The ALJ considered the entire record in determining plaintiff's credibility and whether she could return to past work. *See LaCorte v. Bowen*, 678 F. Supp. 80, 83 (D.N.J. 1988). The record includes Plaintiff's diagnoses and the evidence that (a) Dr. Vazir's most recent report noted improvement in Plaintiff's moderate to mild condition, (b) Plaintiff's testimony showed that she can perform many light physical activities and handle normal environmental conditions,

---

[6] *See supra* note 5 and accompanying text.

[7] The Physical Residual Functional Capacity Assessment Form states that Plaintiff needs to take "normal breaks" when sitting or standing and should avoid respiratory irritants. Specifically, Plaintiff may "stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday," Plaintiff may "sit (with normal breaks) for a total of about 6 hours in an 8-hour workday," and Plaintiff should "avoid even moderate exposure" to "fumes, odors, dusts, gases, poor ventilation, etc."

8

and (c) the relevant job is sedentary in nature. Based on the entire record, the ALJ determined that Plaintiff's testimony was "not totally credible" and that she could return to her past relevant work.

In reviewing the ALJ's opinion, the parties' briefs, and the evidence in the record, this Court determines that the ALJ had substantial evidence for her determination at step four that Plaintiff had the residual functional capacity to return to her past relevant work as a computer systems specialist. *See, e.g., Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991) (affirming district court's ruling that substantial evidence existed for ALJ's decision that a former security guard, who suffered from high blood pressure, a heart condition, and a back problem, nevertheless had the residual functional capacity to return to his former job). The fact that a different conclusion could perhaps have been reached based on the evidence in the record does not undermine the ALJ's decision, as long as substantial evidence exists for that decision. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *LaCorte v. Bowen*, 678 F. Supp. at 84 (citing *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir.1972); *Hawkins for Reilly v. Heckler*, 631 F.Supp. 711, 716 (D.N.J.1985)).[8]

**V.     Conclusion**

For the reasons stated in this Opinion, the ALJ's decision is supported by substantial

---

[8] Plaintiff also argues in her reply brief that the ALJ erred by not demonstrating the occupations that Plaintiff is able to perform and erred by not seeking evidence from a vocational expert on this issue. However, an ALJ is only required to consider what work is available in the national economy during the fifth step of the sequential analysis, *Fargnoli*, 247 F.3d at 39; 20 C.F.R. § 404.1520, which did not need to be reached in this case.
    Plaintiff makes a final comment that an Agency must develop a complete administrative record in order to facilitate review of the Secretary's determination but advances no argument that a complete record was lacking. This Court reaches no such conclusion.

evidence in the record.  Accordingly, **IT IS** on this 8th day of September 2005,

      **ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further,

      **ORDERED** that this case is **CLOSED**.

                                              **/s/ Faith S. Hochberg**

                                              Hon. Faith S. Hochberg, U.S.D.J.